*356 Opinion of the Court.
THIS is a motion to quash a sale and sale bond under an execution of real estate, at one year’s credit, made by the purchasers under the execution and their security, on the grounds that the law under which the sale was directed and made, is unconstitutional and *357 void. We have already, at the present term, in the case of Schlatter, &c. vs. Rudd, &c. decided, that a purchaser under execution cannot sustain such motion, even if it be decided that the law is unconstitutional. The decision of the court below on this point, is, therefore held erroneous.
Ante, p. 19.
A sale of real estate taken in execution, may be made on the premises.
The act of 1798, to reduce into one the several acts subjecting lands to sale for the payment of debts, does not repeal the 4th section of the act of 1792, on the same subject.
2. It has been contended in argument that as the return of the execution, shews that the land was sold on the premises, and that the act entitled, “ an act to reduce into one the several acts subjecting lands to the payment of debts,” 4 Litt. 531,* directs lands to be sold at the court house, unless the defendant in the execution shall point out some other place in a settled part of the country, this ought to be sufficient to vacate the sale. It is true, the act alluded to leaves out the clause directing sales to be made on the premises. But it has no repealing clause, and we have no hesitation in saying, that the whole of the fourth section of the original act, subjecting lands to the payment of debts, 1 Litt. 128,* is still in force, by which, sales are directed to be on the premises, except in some particular cases. The sale was, therefore properly made as far as appears in this case.
Judgment reversed.

1 Dig. 513 & 515.